IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
SEP 14 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 2:07-CR-207-WKW |
| v. ) | [21 USC 841(a)(1); |
| ) | 18 USC 924(c)(1)(A)(i)] |
| BAKEITH JACKSON ) | |
| ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about August 9, 2006, in Montgomery, Alabama, in the Middle District of Alabama, the defendant,

BAKEITH JACKSON,

did knowingly and intentionally possess with intent to distribute 50 grams or more of cocaine base, commonly referred to as "crack", a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about August 9, 2006, in Montgomery, Alabama, in the Middle District of Alabama, the defendant,

BAKEITH JACKSON,

did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

On or about August 9, 2006, in Montgomery, Alabama, in the Middle District of Alabama, the defendant,

BAKEITH JACKSON,

did knowingly and intentionally possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, commonly referred to as "powder cocaine", a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

On or about August 9, 2006, in Montgomery, Alabama, in the Middle District of Alabama, the defendant,

**BAKEITH JACKSON,**

did knowingly use and carry, during and in relation to, and possess in furtherance of, a drug trafficking offense, namely possession with intent to distribute cocaine base as charged in Count 1, possession with intent to distribute marijuana as charged in Count 2, and possession with intent to distribute cocaine hydrochloride as charged in Count 3, all drug trafficking crimes prosecutable in a Court of the United States, firearms, to-wit: a loaded JC Higgins shotgun, a better description of which is unknown to the Grand Jury. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION - 1

A.     Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B.     Upon conviction for the violation as alleged in Counts 1 through 3 of this indictment, the defendant,

**BAKEITH JACKSON,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violation and any and all property used or intended to be used in any manner

or part to commit and to facilitate the commission of the violation alleged in Counts 1 through 3.

C.  If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

## FORFEITURE ALLEGATION - 2

A.  Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B.  Upon conviction for any violation as alleged in Count 4 of this indictment, the defendant,

### BAKEITH JACKSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

One JC Higgins shotgun and ammunition.

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
John T. Harmon
Assistant United States Attorney

_____
Susan R. Redmond
Assistant United States Attorney

4