UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v. ) | Case No.: 2:07-cr-207-WKW |
| ) | |
| BAKEITH JACKSON ) | |

### MOTION TO SUPPRESS SEIZURES AND STATEMENTS
### WITH CITATIONS OF AUTHORITY

**COMES NOW** the Defendant, Bakeith Jackson, by and through undersigned counsel and pursuant to Rules 12 and 41 of the *Federal Rules of Criminal Procedure*, as well as the Fourth, Fifth and Sixth Amendments to the United States Constitution, and respectfully moves the Court for an Order prohibiting the Government from introducing into evidence in this matter all items seized from the Defendant, the Defendant's home, and any and all information obtained from such seizures, including information, including statements, obtained as result of Mr. Jackson's detention, arrest, interrogations and search on or about August 9, 2006.

### Facts

In support of said motions, the Defendant would show that police reports furnished by the Government would indicate the following:

1. On or about August 1, 2006, Detective Bartlett, #845, obtained a search warrant for 6430 Woodley Circle, Montgomery, Alabama based upon the information provided to him from an unknown confidential informant. No further description of the house to be searched was contained in the search warrant.

2. On or about August 9, 2006, members of the Montgomery Police Department

executed the search warrant obtained by Detective Bartlett on 4289 E. Virginia Lane, the alleged home of Bakeith Jackson.

3. That after realizing that the warrant did not have the correct address, officers scratched through the address listed on the warrant and presented it to the occupants of 4289 E. Virginia Lane.

4. Although the officers have asserted in written reports that "a confidential and reliable source" gave them information that drugs were being sold out of 4289 E. Virginia Lane, Montgomery, Alabama, in fact, the officers did not have either probable cause or an objectively reasonable basis to believe that any drug activity was being conducted from Mr. Jackson's residence at the time that they secured the search warrant.

5. Allegedly after placing Mr. Jackson in handcuffs, he was questioned and freely admitted to possessing drugs and their location within the house.

6. Mr. Jackson contends that he was never read his Miranda warnings and any inculpatory statements attributed to him were not freely and voluntarily given.

7. As a result of the search, Montgomery Police Officers found drugs and a gun in the residence.

8. The indictment in the present case, filed on September 14, 2007, charges Mr. Jackson three counts of violating Title 21, United States Code, Section 841(a)(1) and one count of violating Title 18, United States Code, Section 924(c)(1)(A)(I).

**Grounds to Suppress**

9. The search, seizure, interrogation and arrest of Mr. Jackson were without consent or a valid warrant and were conducted without lawful authority.

10. The search and seizure described above violated the Fourth, Fifth and Sixth Amendments to the United States Constitution, in that:

    a. The search warrant was not based upon sufficient probable cause.

    b. The search warrant was defective on its face in that it did not authorize the search of 4289 E. Virginia Lane, the residence that was searched.

    c. The search warrant lacked the particularity as to apprise the occupants of th 4289 E. Virginia Lane of the police officers authority to search.

    d. That there is not any set of circumstances that would warrant a good faith exception to the exclusionary rules.

    e. The interrogation of Mr. Jackson was the fruit of his improper search and arrest in violation of the Fourth Amendment.

    f. Mr. Jackson did not waive his Fifth Amendment right to remain silent.

## Law

11. "The "manifest purpose" of the "particularity requirement of the Fourth Amendment" is "to prevent general searches." *United States v. Ellis*, 971 F.2d 701 (11th Cir. 1992) *quoting, United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

12. "A warrant's description of the place to be searched is not required to meet technical requirements or have the specificity sought by conveyancers. The

warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." *United States v. Burke*, 784 F.2d 1090, 1093 (11th Cir.), cert. den., 476 U.S. 1174, 106 S. Ct. 2901, 90 L. Ed. 2d 987 (1986).

13. "[T]he facial deficiency of the warrant indicated that the information supplied to the magistrate was suspect." *United States v. Ellis*, 971 F.2d 701 (11th Cir. 1992).

14. The Government has a heavy burden under *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628 (1966), to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination...

15. Based upon the totality of the circumstances, the magistrate judge did not have sufficient information concerning the reliability of the confidential informant in which to determine if probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

Dated this 13th day of November, 2007.

Respectfully submitted,

s/ Tiffany B. McCord
**TIFFANY B. MCCORD**
**AL Bar No.: ASB-3669-F69M**
P.O. Box 1803
505 S. Perry Street
Montgomery, AL 36102
Phone: (334)356-6529

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 13th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, Assistant United States Attorney


           s/ Tiffany B. McCord
           **TIFFANY B. MCCORD**